**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 23, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WALID MOAZ,

      Plaintiff-Appellant,

v.

DENVER INTERNATIONAL
AIRPORT; DENVER POLICE
DEPARTMENT; CITY & COUNTY
OF DENVER,

      Defendants-Appellees.

No. 18-1011
(D.C. No. 1:17-CV-00030-MSK-
NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This appeal grew out of Mr. Walid Moaz's allegations of

discrimination as a limousine driver at the Denver International Airport.

Mr. Moaz sued the Denver International Airport, the Denver Police

Department, and the City and County of Denver, invoking 42 U.S.C.

---

[*]    We have determined that oral argument would not materially aid our consideration of the appeal. Thus, we have decided the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

§§ 1981, 1983, 1985, and 12203, along with state tort law. The federal district court dismissed the amended complaint, holding that

- the court lacked subject-matter jurisdiction over the claims against the police department and

- the other causes of action failed to state a claim on which relief can be granted.

We affirm.

1.      **Mr. Moaz's attack on the district judge does not support reversal.**

Scattered within Mr. Moaz's opening brief are various attacks on the district judge. For example, Mr. Moaz accuses the district judge of unspecified ethical lapses designed to protect the City and County of Denver. These accusations are apparently based on the rulings themselves, but they do not bear any evidence of unethical conduct. As a result, we reject Mr. Moaz's accusations as a basis for reversal.

2.      **The district court properly dismissed the claims against the Denver Police Department.**

The district court ruled that it lacked subject-matter jurisdiction over the claims against the Denver Police Department. This ruling was based on the allegations in the amended complaint. In considering this ruling, we engage in de novo review, crediting the allegations in the amended complaint. *See Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012) (de novo review); *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (presuming the truth of the allegations in the complaint). Engaging in

de novo review, we conclude that the claims against the police department were properly dismissed because the police department is not a separate entity. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir.) (holding that the Denver Police Department is not a separate entity that can be sued), *modified on other grounds*, 778 F.2d 553 (10th Cir. 1985), *vacated on other grounds sub nom. Tyus v. Martinez*, 475 U.S. 1138 (1986).[1]

### 3. Mr. Moaz failed to state a valid claim against the Denver International Airport or the City and County of Denver.

The district court also dismissed the causes of action against the Denver International Airport and the City and County of Denver. For these causes of action, the court ruled that the amended complaint failed to state a claim on which relief can be granted.

For the dismissal of these causes of action, we engage in de novo review. *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012). In conducting de novo review, we consider whether the amended complaint includes enough factual matter to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We apply this standard to the causes of action under 42 U.S.C. §§ 1981, 1983, and 1985.[2] For these causes of action, Mr. Moaz had to link

---

[1] The district court characterized this pleading defect as jurisdictional, and Mr. Moaz does not challenge this characterization. Thus, we need not decide whether the pleading defect was jurisdictional.

[2] Though an attorney filed the amended complaint, Mr. Moaz subsequently appeared pro se.

the mistreatment to the entity's policy or custom. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 933 (10th Cir. 2015) (42 U.S.C. § 1983); *Randle v. City of Aurora*, 69 F.3d 441, 446 n.6 (10th Cir. 1995) (42 U.S.C. § 1981); *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (42 U.S.C. § 1985).

In the amended complaint, Mr. Moaz stated in detail how he had been subjected to discrimination. But he did not link the discrimination to any policies or customs by the Denver International Airport or the City and County of Denver. Instead, he included only a conclusory allegation filled with buzz words from the applicable case law, stating that the defendants "were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice." R. at 142, 146. This conclusory allegation does not withstand dismissal. *Mocek v. City of Albuquerque*, 813 F.3d 912, 934 (10th Cir. 2015).

Mr. Moaz has also invoked 42 U.S.C. § 12203. This section prohibits retaliation for an allegation of discrimination under the Americans with Disabilities Act. But Mr. Moaz has not identified any past allegations of discrimination under the Americans with Disabilities Act. Thus, Mr. Moaz has not stated a valid claim under § 12203.

Finally, Mr. Moaz alleges that his state tort claims should have been analyzed under the Federal Tort Claims Act. But Mr. Moaz forfeited this allegation by failing to present it in district court. *Richison v. Ernest Grp.,*

4

*Inc.*, 634 F.3d 1123, 1127–28 (10th Cir. 2011). We could ordinarily consider this allegation under the plain-error standard. But Mr. Moaz has not invoked the plain-error standard. As a result, we decline to consider this allegation. *Id.*

**4.     The district court did not err in denying Mr. Moaz's motions for appointment of counsel.**

In district court, Mr. Moaz filed four motions for appointment of counsel; and the district court declined to appoint counsel.[3] He challenges these rulings, and we conclude that the district court did not err in denying appointment of counsel.

In addressing the rulings, we apply the abuse-of-discretion standard. *Toevs v. Reid*, 685 F.3d 903, 916 (10th Cir. 2012). We start with the scope of the district court's authority: The court cannot appoint counsel; instead, the court can only ask an attorney to take the case. *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In deciding whether the district court acted within its discretion, "we consider the merits of the claims, the nature of the claims, [the claimant's] ability to present the claims, and the complexity of the issues." *Id.* at 397.

The district court considered these factors and declined to request legal representation for Mr. Moaz. This decision was reasonable:

---

[3]     The district court expressly ruled on the first three motions. For the fourth motion, the court did not expressly rule. As a result, the fourth motion became moot when the district court dismissed the action.

Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants like [Mr. Moaz]. But the dilemma was not the district court's fault; that dilemma was the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

*Id.* at 397. Accordingly, we conclude that the district court did not abuse its discretion in declining to request counsel for Mr. Moaz.

**5.     We grant leave to proceed in forma pauperis.**

Every litigant must pay the filing fee. We ordinarily require payment with the initiation of an appeal. 28 U.S.C. § 1915(a)(1). But an appellant can postpone the payment when we grant leave to proceed in forma pauperis. *See id.*

Mr. Moaz requests this status, and we grant his request because he is indigent and does not have enough money to pay the filing fee.

**6.     We deny Mr. Moaz's motion to appoint counsel for the appeal.**

Mr. Moaz has also asked us to appoint counsel in the appeal. We lack authority to appoint counsel; instead, we can only request counsel to represent Mr. Moaz. 28 U.S.C. § 1915(e)(1). In deciding whether to request counsel, we must decide whether the underlying issues are sufficiently

6

complex to justify asking an attorney to take this appeal. *See Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). We don't believe that they are.

Mr. Moaz states that English is his second language, but he has done a commendable job of explaining his allegations and arguments. We have little basis to justify an effort to recruit counsel for Mr. Moaz among the hundreds of other appeals prosecuted by pro se litigants. As a result, we deny Mr. Moaz's motion for appointment of counsel.

**7.     We deny Mr. Moaz's motion for leave to file a supplemental brief.**

Mr. Moaz also moves for leave to file a supplemental brief, addressing matters that took place after his attorney had filed the amended complaint. But even with the supplemental brief, we could address only the district court's ruling and that ruling could not have accounted for matters arising after the filing of the amended complaint. Thus, we deny Mr. Moaz's motion for leave to file a supplemental brief.

Entered for the Court

Robert E. Bacharach
Circuit Judge